UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMENA STONEY<br>    Plaintiff,<br>vs.<br><br>PVSC COMPANY a fictitious name and JOHN E. EBERHARDT<br><br>    Defendant. | Civil Action No.  3:17-cv-129<br><br>**COMPLAINT** |

Plaintiff, Carmena Stoney, residing at 1240 Imlertown Road, Bedford, Pennsylvania 15522

## JURISDICTION

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1331 in that the Plaintiffs' cause of action is based on the Americans With Disabilities Act. Venue is proper because all events giving rise to Plaintiffs' cause of action occurred within this district, as provided in 28 U.S.C. sec 1391(b)(2).

## PARTIES

2. Plaintiff, Carmena Stoney, is a disabled woman. As a result she uses a walker, and a wheelchair, an individual with disabilities as defined by the federal Americans with Disabilities Act (ADA).

3. The Defendants' own, lease, leases to, or operates a place of public accommodation as defined by the ADA. The property that is the subject of this suit is a strip mall commonly called Pleasant Valley Shopping Center located at 3415 Pleasant Valley Road Altoona, PA.

## STATEMENT OF THE CASE.

This suit is a private action brought by a plaintiff, who uses a walker and wheelchair for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout

our history, our disabled citizens have not been provided the opportunity to participate in all phases of society.  Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America.  As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country.  Certainly, the mainstreaming of persons with disabilities in
persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation.  As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid.  It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers.  135 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy). It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity  of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

> privileges of any place of public accommodation.  The New Jersey Supreme Court's construction of the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes.  In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due.  <u>Boy Scouts of America v. Dale</u>, 530 U.S. 640, 663-664 (2000).

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney general.  The Courts have explained the role of private enforcement of the access laws

The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008). As Judge Henderson of the United States District Court wrote;

> "There can be no question that the Americans With Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities. . .The ADA creates the possibility that successful Plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. . .The benefits of such changes clearly redound not only to the Plaintiffs themselves but to similarly situated disabled persons, and the entire society at large. As a result, Plaintiffs or Plaintiff classes who bring suit pursuant to the ADA do so in the role of 'private attorneys general' who seek to vindicate a policy of the highest priority."

In Walker v. Guiffre, 35 A. 3d. 1177 (2012) in awarding an enhancement in a state case held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum.

### FIRST COUNT

4.      Plaintiff Stoney lives near Defendants public accommodation She is a frequent patron of defendant's strip mall including June 20, 30 2017,Jjuly 1, 2016, January 10, 2017, February 23, 2017.

5.      Her ability to use the services of the strip mall was impaired because of lack of proper access to her and the disabled as a whole.

6.      Specially, t parking does not provide proper parking not being closest  not having enough spaces improper signage and route for the disabled including into the doors.. In that Stoney is a walker/wheelchair user it is more difficult for her to travel from point A to B therefore he has been discriminated against in violation of ADAG 40 et al. ,502 et al. Elements are not maintained. 28

CFR 36.211

8. The above violations are violations of the federal ADA.

9. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

10. Therefore, plaintiff Stoney has been discriminated against in violation of the ADA.91.

The Plaintiff intends to be a frequent patron of defendants, to have his meals at the strip mall and will return as a tester.

11. Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

12. Plaintiff reserves the right to file administrative remedies for damages under Pennsylvania law.

Wherefore plaintiff Stoney seeks:

a) Injunctive relief under the ADA.

b) Attorney fees and costs of suit under the ADA.

Date:   July 16, 2017.                      By: s/Anthony J. Brady

                                            Law Offices of Anthony j. Brady Jr. Pa Bar. 41321
                                            1 Rose Ave.
                                            Maple Shade, New Jersey 08052
                                            (561)-603-6387
                                            Email: ladbrady@gmail.com